UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY DAVENPORT,

    Petitioner,                                  Civil Action No. 11-CV-15084

v.

                                                   HON. MARK A. GOLDSMITH

DEBRA SCUTT,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

### I. INTRODUCTION

This is a habeas corpus proceeding filed by Petitioner Gary Davenport. Petitioner is currently serving six concurrent terms of 12-to-30 years' imprisonment resulting from his Presque Isle Circuit Court conviction of six counts of first-degree criminal sexual conduct. Petitioner claims that he was denied the effective assistance of appellate counsel when his attorney failed to inform him that the Michigan Court of Appeals affirmed his convictions. Petitioner states that this resulted in the loss of his opportunity to file an appeal in the Michigan Supreme Court. The petition will be dismissed because Petitioner never fairly presented this claim to the state courts.

### II. BACKGROUND

The charges against Petitioner involved allegations that over a three-year period he sexually

molested one of his students at the Seventh-Day Adventist School in Onaway, Michigan. Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising the following claims:

> I. Whether trial counsel was ineffective for failing to: (1) disclose a pending suspension from the practice of law; (2) adequately prepare for trial; and (3) investigate whether defendant's previous attorney, Richard K. Steiger, was properly screened after Steiger was hired by the Presque Isle County Prosecutor's Office.
>
> II. Whether Offense Variable 4 was properly scored.

Petitioner filed a motion to remand to expand the record with respect to his ineffective assistance of trial counsel claim. The Michigan Court of Appeals remanded the case to the trial court for an evidentiary hearing on the claim related to Richard Steiger's potential conflict of interest. The prosecutor appealed, but the Michigan Supreme Court denied relief. People v. Davenport, 762 N.W.2d 163 (Mich. 2009).

On remand, the trial court conducted an evidentiary hearing and denied Petitioner relief. The case returned to the Michigan Court of Appeals, which affirmed Petitioner's convictions. People v. Davenport, 779 N.W.2d 257, 260-261 (Mich. Ct. App. 2009). Petitioner filed a motion for reconsideration, but it was denied on December 30, 2009.

Petitioner alleges, and Respondent does not appear to dispute, that Petitioner's appellate counsel did not notify Petitioner that his convictions had been affirmed by the Michigan Court of Appeals. The parties apparently agree that on November 1, 2010, realizing the mistake, appellate counsel filed a motion in the Michigan Court of Appeals to re-issue the decision, so that Petitioner

could pursue his direct appeal to the Michigan Supreme Court. The Chief Clerk of the Court of Appeals advised appellate counsel on December 1, 2010 that the panel had denied the request to reissue the decision.

 Petitioner has not filed a motion for relief from judgment in the state courts.

## III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. See 28 U.S.C. §§ 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues, not merely issues arising under state law. Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Morse v. Trippett, 37 F. App'x 96, 103 (6th Cir. 2002). The burden is on the petitioner to prove exhaustion. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has never presented his ineffective assistance of appellate counsel claim to any state court. Just like any other federal claim, a claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. See Baldwin v. Reese, 541 U.S. 27, 30-33 (2004). An ineffective assistance of appellate counsel claim is properly exhausted in the Michigan courts when it is raised in a post-conviction motion for collateral relief. Guilmette v. Howes, 624 F.3d 286, 291-92 (6th Cir. 2010). Because Petitioner has not filed a motion for relief from judgment under Michigan

Court Rule 6.502, he still has a procedure by which he may present his unexhausted claim to the state courts.

It is important that the exhaustion requirement be enforced in this case. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d). The state courts, therefore, must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this court. Otherwise, the court cannot apply the standard found in 28 U.S.C. § 2254. Furthermore, the state proceedings may result in the reversal of his convictions, thereby mooting the federal questions presented. See Humphrey v. Scutt, No. 08-CV-14605, 2008 WL 4858091, at *1 (E.D. Mich. Nov. 5, 2008) (citing Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); Woods v. Gilmore, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); see also Szymanski v. Martin, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. Apr. 13, 2000). Non-prejudicial dismissal of the petition is warranted under such circumstances.

## IV. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed without prejudice. Furthermore, reasonable jurists would not debate the Court's assessment, nor would reasonable jurists conclude that the issue raised deserves encouragement to proceed further. The Court therefore denies a certificate of appealability under 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated: June 10, 2013  s/Mark A. Goldsmith  
Flint, Michigan  MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2013.

s/Deborah J. Goltz  
DEBORAH J. GOLTZ  
Case Manager